## HAMILTON v. DUTY.

MORTGAGE: *Mortgageable interest in rent cotton: Replevin.*

After the assignment of a rent note payable in cotton, the assignor has.
no interest in the cotton which he can mortgage, and the mortgagee
cannot recover the cotton by replevin from the possession of the as--
signee of the note.

APPEAL from *Lafayette* circuit court.
Hon. J. K. YOUNG, Circuit Judge.

*L. A. Byrne* for appellants.

1. The mortgage is void for want of sufficient descrip--
tion. *57 Iowa, 662; 35 Ark., 169.*

2. The note of Brooks was assigned before the execution
of the mortgage to appellees, and hence Hamiter and wife·
had no interest in the cotton in controversy which they
could mortgage. *37 Ark., 312.*

3. Parol testimony not admissible to vary and contra-
dict the written assignment of the note. *1 Danl. Neg.
Int., 69, secs. 80–1 et seq., and p. p. 573-5, etc; 27
Ark., 328; 14 Otto (104 W. S.), 37.*

*Compton, Battle & Compton* for appellees.

To sustain the declarations of law made by the court see *31 Ark., 411; 1 Gr. Ev., sec. 271; 37 Ark., 47; 36 Ib., 114; 33 Ib., 468; 35 Ib., 540; 34 Ark., 94.*

EAKIN, J.  This suit was instituted before a justice of the peace by R. B. and H. C. Duty, mortgagees of John H. Hamiter and wife, against Geo. W. Cheatham to recover three bales of cotton.    They were taken under a writ by the officer, and, we presume, delivered to plaintiffs. Hamilton & Co. were allowed to defend as real claimants, instead of Cheatham.    Upon trial before the justice the property was found to be that of plaintiffs,  On appeal a like finding was made in the circuit court, and judgment was rendered accordingly.    After proper steps to make and bring up the record, Hamilton & Co. appealed to this court. This is the same case which was before this court on a matter of pleading and practice in *36 Ark., 474.*

The material facts, about which there is no conflict in evidence, are substantially as follows :

Hamiter had rented lands to Sol. Brooks for the year 1878,  and  had taken  his note for the payment, as rent, of three bales of cotton and some corn.

On the sixth of April Hamiter, who was owing the firm of Hamilton & Co. , turned over to them this rent note on account, with some other notes of like nature from other tenants.    He says that he had no money to pay them, and that the said firm, through their agent, requested him to turn over these notes.    He says :  "I told him I did not like to do it, as I had promised plaintiffs a mortgage on twenty bales of cotton of the year 1878 ; and the plaintiffs were running and furnishing me and my wife for the year 1878.    He said that if I did not pay something that he would have to sue me.    I told him I would turn over some rent notes, Sol. Brooks' note being one, if he would not sue,

but that I had promised to give plaintiff a mortgage on twenty bales of cotton of the crop of 1878, and he would have to wait until plaintiffs were satisfied and paid all that I and my wife would owe them. I told him I thought I would have cotton enough to satisfy both Hamilton & Co. and plaintiffs, if I could get what was coming to myself and wife. There would have been about thirty-five bales. These notes were turned over with this condition, that plaintiffs were to be paid first."

The receipt given by Hamilton & Co. for the notes did not notice any such condition, stating only that they were received for his account. Hamiter says he tried to have the conditions put in writing, but the agent said, "all right; there would be no trouble about it."

Afterwards, on the nineteenth of April, Hamiter informed the plaintiffs of this, and then proceeded to execute to them the mortgage upon which they rely. The expressed consideration is one dollar, and the further amount in full which the mortgagor and wife may be owing R. B. and H. C. Duty, the mortgagees, on the first day of December, 1878. The property conveyed is described as follows: "Our entire crop of cotton to the extent of fifteen bales, of the average weight of five hundred pounds, of the crop that we may have planted, raised and gathered, or received for land rent in the State of Arkansas and county of Lafayette, during the year 1878." The whole to be void if the mortgagors (meaning thereby Hamiter and wife) should pay to Duty & Co. all that might be due on or before the first of December, 1878. A power was given in case of default to take possession and sell.

The three bales of cotton in controversy were raised by Sol. Brooks, and by him delivered, after being ginned, to Cheatham, who appears to have been holding it for Hamilton & Co.

His honor, the circuit judge, amongst other things not

important to notice, declared upon the hypothesis of the facts above stated that · the firm of Hamilton & Co. was estopped from claiming or holding anything on the rent notes assigned to it, until the mortgage to Duty & Co. was satisfied. The whole case must turn upon the soundness or ·error of that instruction. It is not definitely shown how much if anything was due the Duty firm on the first day of December, 1878, but there is enough to raise a fair inference that enough was due to cover the cotton, and the appellant makes no point of the defect in his brief.

This is an action at law, being replevin. The peculiar doctrine of courts of equity can not be applied. I mean those administered in equity, of which the common law took no cognizance, and which have not, by statute, been made to govern cases at law also. This statutory transfer of legal ·cognizance has been made with regard to future crops ; and mortgages of that kind formerly void at law but cognizable in equity, and enforced there through the machinery of implied, trusts growing out of contracts, are now made valid, both in law and equity.

If Hamiter owned the rent note of Brooks, or had any right to the cotton demandable on it when he executed the mortgage to the Dutys, the question would present a different aspect, one unnecessary here to discuss. The only question indeed would be whether the rent cotton could, under the statue, be considered a part of the landlord's *crop*, in the meaning of the statute legalizing mortgages of future "crops and their products."

<div style="margin">Mortgage of rent cotton after transfer of rent note.</div>

But by the terms of the endorsement to Hamilton & Co., and by the receipt which he took, neither of which contain any conditions or reservations, the whole title and right of Hamiter to demand or receive anything of Brooks, either then or at any future time, passed out of the former to the firm of Hamilton & Co. It would be inconsistent with the endorsement to hold that only a limited interest was as-

signed. When the mortgage was made to the Dutys it is evident that Hamiter had *no* interest to convey, present or prospective.

This is not a bill in equity seeking to affect Hamilton & Co. with an equitable estoppel, or to hold them trustees of the cotton under their parol contract, to be used first to make the Dutys whole, either because of fraud or express acceptance of a trust. These are matters of equitable jurisdiction, not appertaining to justices of the peace in actions of replevin. Nor do we mean to assert that the proof in this case would sustain a decree in equity. What we do say is that no *legal* title nor right to this cotton passed to the plaintiffs, and that in this action, upon the pleadings and evidence they should recover nothing.

We think there was error in the declaration of law above set forth and in the judgment based upon it.

Reverse and remand for a new trial with usual directions.